IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIPE VALENZUELA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-1129-D |
| | § | |
| CREST-MEX CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

Defendants Thomas Townsend, Crest-Mex Corporation d/b/a La Sierra Apartments, MTORMA Trust, Dallas Net Lease Trust, Sierra Management Trust, Sierra Management Co., La Sierra Apartments Trust, Cedar Sierra Management Co., LLC., and 3328 Cedar Plaza Lane Apartments, Inc. (collectively, the "Townsend Defendants") have filed a Motion for Temporary Stay of Discovery and Protective Order [Dkt. No. 45], and Defendant Kelly Goodwin has filed a Motion for Protective Order [Dkt. No. 47].

United States District Judge Sidney A. Fitzwater has referred both motions to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b)(1)(A). *See* Dkt. No. 48.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Plaintiffs Felipe Valenzuela and Jose Guillermo Gandara have filed a response to each motion, *see* Dkt. Nos. 50 & 51, and the Townsend Defendants and Goodwin have filed replies, *see* Dkt. Nos. 52 & 54.

For the reasons explained below, the Court DENIES the Townsend Defendants' Motion for Temporary Stay of Discovery and Protective Order [Dkt. No. 45] and Defendant Kelly Goodwin's Motion for Protective Order [Dkt. No. 47].

**Background**

In support of their Motion for Temporary Stay of Discovery and Protective Order, the Townsend Defendants explain that

> Plaintiffs sued ten defendants alleging that they all employed Plaintiffs, for purposes of the [Fair Labor Standards Act ("FLSA")], and claiming that they were not paid $23,273.00 in wages for work as maintenance workers on the La Sierra Apartments located in Dallas, Texas. Defendants moved to dismiss because the FLSA does not cover Plaintiffs and because Defendant Townsend is not an "employer" of Plaintiffs under the FLSA. Defendants' motion to dismiss presented threshold issues that should be addressed before Defendants are subjected to the considerable expense and burden of this type of litigation. The motion to dismiss is pending. Defendants also recently filed a motion to compel arbitration based on newly discovered arbitration agreements. Defendants requested that the Court rule on the motion to compel arbitration prior to ruling on the motion to dismiss.
>
> Meanwhile, Plaintiffs have initiated a barrage of discovery directed at all Defendants, including hundreds of discovery requests and seeking to depose all nine defendants in this lawsuit. Much of the written discovery is subject to objection given its overbreadth, request for irrelevant material, and the undue burden that would be imposed on Defendants. If discovery is not stayed, Defendants will be forced to spend an amount complying with the discovery that exceeds Plaintiffs' damages, all before Defendants' threshold motions are ruled upon. Defendants are hereby moving for protection from such discovery by asking the Court to exercise its discretion to protect Defendants from discovery until the Court rules on Defendants' motion to compel arbitration and/or motion to

> dismiss. For the reasons shown below, good cause exists for the Court to exercise its discretion.

Dkt. No. 45 at 1-2 (footnote omitted).

More specifically, the Townsend Defendants contend that their request should be granted after considering the relevant factors of "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking the stay." *Id.* at 4. They assert, as to the first factor, that

> Plaintiffs served on the nine moving Defendants a total of 603 discovery requests: 13 requests for admission, 12 interrogatories, and 42 requests for production for each of the nine moving Defendants. These discovery requests are wide-reaching and will require much work by Defendants to comply with the requests. In addition, on April 26, 2017, Plaintiffs' counsel requested dates for the depositions of corporate representatives of the eight corporate Defendants and Defendant Townsend. .... The topics listed in Plaintiffs' counsel's letter are equally wide-reaching.

*Id.* at 4-5 (citations omitted). As to the second factor, the Townsend Defendants argue that

> Plaintiffs' counsel is seeking to conduct all of Plaintiffs' discovery while Defendants' Motions are pending, thereby subjecting Defendants to the burden of this discovery even if its motions are meritorious and are ultimately granted. The burden is substantial. The discovery has been propounded on all nine moving Defendants and in total comprise 603 discovery requests. The large number of discovery requests demonstrates the obvious burden that will be imposed on Defendants.
>
> Beyond the sheer magnitude of the discovery, as reflected in the attached declaration of Defendant Townsend, it will take Defendants at least thirty hours to comply with the discovery requests. Exhibit F, Townsend Decl., ¶ 3 (App. 46). And, as reflected in the attached declaration of Barrett Lesher, one of Defendants' counsel, it will take Defendants' counsel at least ten hours to prepare the discovery responses. Exhibit G, Lesher Decl., ¶ 3 (App. 48).

> The depositions of the eight corporate representatives and Defendant Townsend, a total of nine depositions, is expected to take at least eight hours of preparation and potentially as much as 63 hours of depositions (7 hours times 9 depositions). Exhibit G, Lesher Decl., ¶ 4 (App. 48). Thus, Plaintiffs seek to impose on Defendants as much as 101 hours of discovery burden, seeking discovery on all issues in the case, while Defendants' potentially dispositive Motion is pending.

*Id.* at 5. And, as to the third factor, the Townsend Defendants assert that,

> [a]t the threshold of this case, Defendants challenged Plaintiffs' standing to bring a claim under the Fair Labor Standards Act ("FLSA") because there is no individual or enterprise coverage. And, Defendant Townsend challenged Plaintiff's right to sue him as an "employer" under the FLSA.
>
> Plaintiffs claim they worked as maintenance employees at the La Sierra Apartments in Dallas until March 1, 2006. (Complaint, ¶ 20, 21) Plaintiffs claim, in conclusory fashion, that Defendants' business and Plaintiffs' work for Defendants "affected interstate commerce" because "materials and goods that Plaintiffs used" in their job "moved through interstate commerce prior to and subsequent to Plaintiffs' use." (Complaint, ¶ 22) Plaintiffs claim that Defendant Townsend ran the apartment business primarily from California, while making trips to Texas to supervise on-site operations. (Complaint, ¶ 22) Based on these allegations, Plaintiffs assert coverage under the FLSA.
>
> Defendants' Motion challenges Plaintiffs' pleading of FLSA coverage, both from Plaintiffs' side and from Defendants' side. Defendants' Motion cites numerous authorities, including this Court's own decision in *Lopez-Santiago v. Coconut Thai Grill*, 2014 WL 840052 (N.D. Tex. 2014), rejecting FLSA coverage allegations similar to those in Plaintiffs' complaint. The Court should rule on this threshold issue (and Townsend's "employer" issue) before Defendants are subjected to the burden of all-out discovery in this case. If the FLSA does not apply, then Plaintiffs' lawsuit based solely on the FLSA should not be allowed to proceed and Defendants should not be subjected to the burden of Plaintiffs' discovery. It would be manifestly unjust to give Plaintiffs' full discovery before they have even made it past the threshold FLSA coverage issue.
>
> Additionally, Defendants' motion to compel arbitration is as equally strong. Defendants presented the court with two arbitration agreements that were provided to Plaintiffs, and Plaintiffs continued to work and accept pay after receiving the agreements. Additionally, Plaintiffs' claims fall within the scope of the agreements. Therefore, Defendants have provided strong arguments in support of arbitration..

*Id.* at 5-7.

Finally, the Townsend Defendants contend that a stay is appropriate where they have presented substantial arguments for dismissal, where Plaintiffs have served objectionable and harassing discovery, and where a temporary stay of discovery will not unduly delay litigation. *See id.* at 7-9.

Goodwin similarly explains that she has filed a motion to dismiss Plaintiffs' case under Federal Rule of Civil Procedure 12(b)(6), asserting "that Plaintiffs lack standing, and because Goodwin does not meet the statutory definition of 'employer,'" and that "Plaintiffs served three (3) sets of written discovery on Goodwin: (1) requests for production, (2) requests for admissions, and (3) interrogatories (collectively, the 'Discovery Requests')." Dkt. No. 47 at 1. Goodwin asserts that, "[i]f the Court does not protect Goodwin from the Discovery Requests, she will be forced to spend time and money responding to the Discovery Requests that would otherwise be unnecessary should the threshold issues made the subject of her motion to dismiss be decided in her favor and/or should the issues made the subject of her co-defendants' motions concerning arbitration (which seeks to stay this entire proceeding) be decided in their favor." *Id.* at 2. Goodwin explains that her

> dispositive motion challenges Plaintiffs' pleadings, and the cases cited therein (including this Court's own prior decision) reject FLSA coverage in cases with similar allegations. The Court should rule on this threshold issue (and Goodwin's "employer" issue) before Goodwin is subjected to the burden and expense of discovery in this case.
>
> If the FLSA does not apply, then Plaintiffs' FLSA lawsuit should not be allowed to proceed and, correspondingly, Goodwin should not be subjected to the burden or expense of responding to the Discovery Requests (or, additional discovery such as depositions). It would be

> manifestly unfair, costly to Goodwin, and burdensome to require Goodwin to participate in full discovery before Plaintiffs have even made it past the threshold issues described herein.

*Id.* at 3 (footnote omitted). "Notwithstanding these arguments, Goodwin concurs with her co-defendants' assertion the arguments made the subject of their motion to compel arbitration are strong and would suffice as an independent basis on which to wholly protect Goodwin from the Discovery Requests." *Id.* at 3 n.1. "Goodwin, therefore, moves this Court for complete protection from the Discovery Requests, or at least until such time as the Court has ruled on Goodwin's motion to dismiss and/or her co-defendants' motions concerning arbitration." *Id.* at 2.

Plaintiffs respond that the "Townsend Defendants' Motion to Dismiss does not assert an outright legal defense against the allegations in the Complaint other than the statute of limitations as to some of Plaintiffs' claims, but instead attacks the sufficiency of the pleadings under Rule 12(b)(6) and alleges that Plaintiffs have failed to plead any facts to support their individual and enterprise coverage allegations or that Defendant Townsend was their employer"; that, "even if the Court finds that Plaintiffs need to provide further factual development," the Court is likely to allow Plaintiffs to replead; that, "[a]s to the breadth of discovery sought, Plaintiffs' discovery requests in this case inquire into basic elements of Plaintiffs' FLSA claims, i.e., hours worked, identification of goods and materials used, identity of co-workers (who are witnesses with knowledge of relevant facts such as the Plaintiffs' hours worked and the Defendants' wage and hour policies and practices), amounts paid to Plaintiffs, Defendants' wage and hour policies, and issues related to FLSA coverage and employer

status of the various Defendants"; that, "[w]hile the Townsend Defendants refer to a total of 603 discovery requests, this is a result of the fact that there are nine separate entities involved in the business structure created by Defendant Townsend himself," where "Plaintiffs served thirteen requests for admissions, twelve interrogatories, and forty-two requests for production on each of the Townsend Defendants"; and that, "[g]iven the relationship between the Townsend Defendants, it is likely that the majority of the Townsend Defendants will have similar, if not identical, responses to most of Plaintiffs' discovery requests." Dkt. No. 50 at 2, 3, 4-5.

Plaintiffs further respond that,

> [a]s to the burden of responding to Plaintiffs' discovery requests, the Townsend Defendants argue in conclusory fashion that the burden of responding to Plaintiffs' discovery requests would be "substantial." The Townsend Defendants' counsel provided an affidavit estimating that it would take at least ten hours to respond to the Plaintiffs' discovery requests. This amounts to barely over an hour per party. That the Townsend Defendants' counsel is representing nine separate entities in this litigation is a fact that is completely out of Plaintiffs' control. The Townsend Defendants' calculation of the discovery burden also incorporates a "worst case" scenario as to the requested depositions of the parties, presuming that all of the depositions will last the full seven hours provided for in the Federal Rules of Civil Procedure. Furthermore, the burden of deposing the Townsend Defendants will fall more heavily on Plaintiffs as they will be required to engage the services of a court reporter and bear the full cost associated therewith, at least until such time as they may prevail in this matter. Finally, the Townsend Defendants have already responded to Plaintiffs' discovery requests with naught but objections; albeit the responses are generally improper under *Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. Nov. 12, 2014), and a motion to compel may ultimately be necessary.

*Id.* at 4 (citations omitted).

Plaintiffs also note,

> [a]s one final matter, [that] Defendants previously requested that the Court stay all discovery until after deciding the Defendants' motions to dismiss when the parties filed their Joint Status Report Regarding Scheduling Proposal. The Court did not stay discovery when it entered its Scheduling Order on March 20, 2017. As this issue was previously raised with the Court and the Court declined to enter a similar stay of discovery less than three months ago, the current request to stay discovery should be declined as well.

*Id.* at 8-9 (citations omitted).

As to Goodwin's Motion for Protective Order, Plaintiffs oppose for many of the same reasons as they raise in opposition to the Townsend Defendants' motion, but Plaintiff also note that, in her motion, Goodwin did not address any of the relevant factors in detail and that she "argues only in conclusory fashion that she should not be subjected to the burden or expense of responding to the discovery requests." Dkt. No. 51 at 3.

**Legal Standards and Analysis**

The Court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *see generally Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of

its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citations omitted); *see also E.E.O.C. v. BDO USA, L.L.P.*, 856 F.3d 356, 367 (5th Cir. 2017), as revised (May 8, 2017). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry*, 901 F.2d at, 435. The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In particular, "[t]he Court has broad discretion and inherent power to stay discovery' while a motion to dismiss is pending," but "[s]uch a stay is not [] automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) (internal quotation marks omitted). "[N]o federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on" defendants' motions to dismiss. *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014). "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay

discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

The law is the same as to a pending motion to compel arbitration, although "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

As the Townsend Defendants note, courts in this jurisdiction have explained that relevant "factors that inform the court's discretion are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake v. Nat'l Broad. Co.*, No. 3:04-cv-652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004).

Here, the Court is persuaded that the discovery requests that Plaintiffs have served and the depositions that they seek are not so voluminous and do not present such an undue burden as the defendants make them out, considering that multiple, apparently related defendants have been sued here and are jointly represented. The Court finds that the defendants' assertions – which "only detail[] the usual inconveniences and costs that are associated with discovery practice" – "do not suffice to show hardship or inequity" or other good cause that would justify a stay of discovery and protective order under Rule 26(c)(1). *Ashford Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015).

And, as to the pending dispositive motions, the Townsend Defendants and Goodwin raise threshold challenges to Plaintiffs' FLSA claims that are not uncommon

and have not generally resulted in staying discovery – even in cases to which the defendants' briefing points – and that the Court notes, without suggesting a view on the merits of defendants' pending motions to dismiss, often have resulted in leave to replead. *See, e.g.*, *Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-cv-4268-D, 2014 WL 840052, at *4-*5 (N.D. Tex. Mar. 4, 2014). That all weighs heavily in favor of the Court's "declin[ing] in the exercise of its broad discretion to ... preclude all discovery in this case during the time it will take to decide the instant motions to dismiss and (if applicable) any motions addressed to amended pleadings." *Stanissis*, 2014 WL 7183942, at *1. And, although the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery.

Accordingly, the Court determines, in an exercise of its broad discretion, that a stay of discovery and protective order, as requested, are not appropriate here. And, after considering all of the circumstances presented, the Court further determines that the parties will bear their own expenses, including attorneys' fees, in connection with the Townsend Defendants' Motion for Temporary Stay of Discovery and Protective Order [Dkt. No. 45] and Defendant Kelly Goodwin's Motion for Protective Order [Dkt. No. 47].

## Conclusion

For the reasons explained above, the Court DENIES the Townsend Defendants' Motion for Temporary Stay of Discovery and Protective Order [Dkt. No. 45] and Defendant Kelly Goodwin's Motion for Protective Order [Dkt. No. 47].

SO ORDERED.

DATED: June 26, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE