IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELIPE VALENZUELA, JOSE GUILLERMO GANDARA, and all others similarly situated under 29 U.S.C. § 216(B), <br><br> Plaintiffs, <br><br> VS. <br><br> CREST-MEX CORPORATION d/b/a LA SIERRA APARTMENTS, et al., <br><br> Defendants. | § § § § § § § § § § § § § § § Civil Action No. 3:16-CV-1129-D |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Felipe Valenzuela ("Valenzuela") and Jose Guillermo Gandara ("Gandara") bring this lawsuit on behalf of themselves and others similarly situated for unpaid overtime pay under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendant Thomas Townsend ("Townsend") and eight entities[1] associated with him (collectively, the "Townsend Defendants") move to compel arbitration and stay the proceedings in this case. The Townsend Defendants and defendant Kelly Goodwin ("Goodwin") move to dismiss under Fed. R. Civ. P. 12(b)(6). For reasons that follow, the court grants the motion to compel arbitration and stay proceedings, directs the clerk of court

---

[1]These entities are Crest-Mex Corporation d/b/a La Sierra Apartments, MTORMA Trust, Dallas Net Lease Trust, Sierra Management Trust, Sierra Management Co., La Sierra Apartments Trust, Cedar Sierra Management Co., LLC, and 3328 Cedar Plaza Lane Apartments, Inc.

to close this case for statistical purposes, and declines to reach the Townsend Defendants' and Goodwin's ("Goodwin's") motions to dismiss.

I

Plaintiff Valenzuela worked as a maintenance employee at the La Sierra Apartments from 2001 until 2016, and plaintiff Gandara worked there as a maintenance employee from 1999 until 2016. Plaintiffs allege that defendants Townsend and Goodwin were officers, owners, managers, or trustees of the entity defendants, and that all defendants were plaintiffs' employers during this period.

According to the Townsend Defendants, two separate agreements obligate plaintiffs to arbitrate this dispute. First, Townsend maintains that in 2014 he prepared a "DISPUTE RESOLUTION PROGRAM AGREEMENT" ("2014 Agreement") that required plaintiffs to arbitrate claims against their employer, and that he hand-delivered copies in both English and Spanish to plaintiffs, and also mailed copies to them. Townsend also posits that, at the time he hand-delivered the copies of the 2014 Agreement to plaintiffs, he told them that they would be bound by the agreement if they continued to work and receive pay; and that after receiving the 2014 Agreement, plaintiffs orally agreed to its terms, and also continued to work and receive pay. The 2014 Agreement provides that the parties to the agreement are the following: the employee; Sierra Management Co Trust, AKA La Sierra Apartments at 3328 Cedar Plaza Lane, Dallas, TX 75235; and/or Crest Mex Corporation; Guadalupe

Gandara[2]; and/or Lupe Gandara Management Co. Guadalupe Gandara ("Guadalupe"), who is not a party to this lawsuit, was a manager of the apartment building where plaintiffs worked.

Second, Townsend contends that, in December 2015, he hand-delivered to plaintiffs an updated agreement, entitled NOTICE: DISPUTE RESOLUTION PROGRAM, CLASS ACTION WAIVER ("2016 Agreement"), and sent them copies by mail and facsimile in January 2016. Townsend avers that plaintiffs once again orally agreed to the terms of the 2016 Agreement and continued to work and receive pay after receiving it. The 2016 Agreement provides that the parties to the agreement are the employee and Cedar Sierra Management Co, LLC.

Plaintiffs dispute Townsend's account in part. Both plaintiffs aver that they do not remember receiving the 2014 Agreement. As for the 2016 Agreement, Valenzuela does not remember receiving it, but both plaintiff Gandara and manager Guadalupe acknowledge receiving it. Valenzuela reads very little English, and Gandara does not read any English.

Defendants Goodwin and the Townsend Defendants move to dismiss plaintiffs' action for failure to state a claim. The Townsend Defendants also move to compel arbitration and stay proceedings, and they request that their motion to compel arbitration and stay proceedings be considered before their motion to dismiss. Plaintiffs oppose the motion to compel arbitration and stay proceedings; defendant Goodwin has expressed no position on

---

[2]The 2014 Agreement spells the name Guadalupe "Guadelupe."

the motion.

II

Section 2 of the Federal Arbitration Act ("FAA") provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3-4) (emphasis in original). When considering a motion to compel arbitration, the court engages in a two-step process. First, the court determines "whether the parties agreed to arbitrate the dispute." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam) (citation omitted). "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* (citations omitted). Second, the court decides "'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). "If there is a valid agreement to arbitrate, and there are no legal constraints that foreclose arbitration, the court must order the parties to arbitrate their dispute." *Celaya v. Am. Pinnacle Mgmt. Servs., LLC*, 2013 WL 4603165, at *2 (N.D. Tex. Aug. 29, 2013) (Fitzwater, C.J.). Because of the strong presumption in favor of arbitration, the party

opposing a motion to compel arbitration bears the burden of proving that the agreement is invalid or that the claims are outside the scope of the agreement. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

III

The court addresses first whether a valid agreement to arbitrate was formed.

A

The Townsend Defendants contend that there are valid arbitration agreements because, in both 2014 and 2016, plaintiffs received notice of their employer's arbitration policy and continued to work and accept pay, which constitutes an acceptance under Texas contract law. *See Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 203 (5th Cir. 2016).

Plaintiffs respond that they did not receive effective notice of the 2014 and 2016 Agreements. They maintain that they do not remember receiving a copy of the 2014 Agreement. As for the 2016 Agreement, plaintiff Gandara and manager Guadalupe both acknowledge receiving it, but plaintiff Valenzuela does not remember receiving it. Plaintiffs contend that Townsend has not proved notice of either agreement by mail because he has not provided evidence that a letter was properly addressed, stamped, and mailed; and that they did not receive effective notice of either Agreement because, although each contained a written Spanish translation, each stated that the English version controlled, and Townsend did not orally translate the English version into Spanish or submit a certified translation of it.

B

The court concludes that plaintiffs formed a valid agreement to arbitrate. Under Texas law, an at-will employee who receives notice of an employer's arbitration policy and continues working has accepted that policy as a matter of law. *Kubala*, 830 F.3d at 203. At a minimum, the Townsend defendants have shown that plaintiffs received notice of the 2016 Agreement and then continued to work and receive pay. Townsend avers that he delivered the 2016 Agreement to plaintiffs by hand and by mail, and he offers documentation of the mailing. Plaintiffs do not dispute this account other than to say that Valenzuela does not remember receiving the 2016 Agreement, but others do.

The Agreements' language choice does not undermine their validity, because providing the original Agreements in both English and Spanish, and making the English version controlling, did not prevent effective notice under the circumstances shown here. *See, e.g.*, *Estate of Benitez v. Sears, Roebuck & Co.*, 2013 WL 4223875, at *5 (N.D. Tex. August 14, 2013) (Fitzwater, C.J.) (compelling arbitration where plaintiff could not read or write English but had access to interpreter and Spanish version of agreement). Accordingly, an arbitration agreement was formed.

IV

The court next considers whether plaintiffs' claims are within the scope of the Agreements.

A

The Townsend Defendants contend that plaintiffs' claims are within the scope of

either Agreement. They maintain that the 2014 Agreement contains a delegation of arbitrability clause, which permits the arbitrator to decide whether plaintiffs' claims are within the scope of the agreement, *see Kubala*, 830 F.3d at 202; and that the 2016 Agreement encompasses "all issues at any time including all state and federal laws regarding work, employment, pay, [and] overtime[.]" Ds. App. 16.

Plaintiffs respond that this dispute should not be arbitrated because the 2016 Agreement sets out a procedure requiring the parties to mediate their dispute before seeking arbitration, and this condition has not been met.

B

The court concludes that this dispute is within the scope of the Agreements. Plaintiffs do not contest that their claims would be arbitrable under either the 2014 Agreement's delegation of arbitrability clause or the 2016 Agreement's broad terms of scope.

As for the 2016 Agreement's mediation term, the Supreme Court has held that whether a condition precedent to arbitration has been fulfilled is presumptively a question for the arbitrator. *See BG Grp., PLC v. Republic of Arg.*, ___ U.S. ___, 134 S. Ct. 1198, 1207 (2014). Because the 2016 Agreement's mediation term at most affects what must occur before the duty to arbitrate arises, not whether the arbitration agreement is valid, the presumption applies here. *See id.*; *see also Chorley Enters., Inc. v. Dickey's Barbecue Rest., Inc.*, 807 F.3d 553, 565 (4th Cir. 2015) (holding that mediation requirement was condition precedent to be decided by arbitrator). And because nothing in the 2016 Agreement indicates that the parties did not intend to delegate this authority to the arbitrator, the presumption has

not been rebutted. *See BG Grp.*, 134 S. Ct. at 1208. Accordingly, the question whether mediation must precede arbitration under the 2016 Agreement is for the arbitrator.

V

The court now turns to whether any legal constraints external to the Agreements foreclose the arbitration of this dispute.

A

Plaintiffs contend that the Agreements are procedurally unconscionable because the binding version is written in English, and defendants have not proved that an accurate Spanish translation was provided; and that the Agreements are substantively unconscionable because they purport to reduce the limitations period from two or three years under the FLSA to one year, and to limit the right of appeal.[3]

---

[3]With regard to right of appeal, the 2014 Agreement provides:

> NEITHER PARTY HAS THE RIGHT TO LITIGATE CLAIM OR CLAIMS IN COURT OR HAVE A JURY TRIAL, RAISE OTHER ISSUES, OR ADDITIONAL STATUTE OF LIMITATIONS, DISCOVERY RIGHTS, NOR APPEAL RIGHTS. THIS MEANS GIVING UP CONSTITUTIONAL RIGHTS FOR TRIAL AND OR JURY AND OR APPEAL.

Ds. App. 5-6. The 2016 Agreement provides:

> The decision of the Arbitrator shall be final and binding to all parties and may be entered in applicable court as final judgment without further right of appeal. THIS MEANS THAT NEITHER PARTY HAS THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL. STATUTE OF LIMITATIONS, DISCOVERY RIGHTS AND APPEAL RIGHTS ARE LIMITED IN MEDIATION OR

The Townsend Defendants contend that plaintiffs have not met their burden to show unconscionability, because Spanish translations of the Agreements were provided, and plaintiffs do not contest the translations' accuracy; because a shortened limitations period is not unconscionable under Texas law; and because the Agreements' recital of limited appeal rights merely restates controlling law that limits appeal of an arbitration.

B

The court concludes that no external legal constraints foreclose arbitration of this dispute. The Agreements' language choices do not make them procedurally unconscionable because plaintiffs were provided with Spanish translations, and they do not contend that the translations were inaccurate. *See Benitez*, 2013 WL 4223875, at *5; *see also Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1077 (5th Cir. 2002) ("The party contesting the contractual arbitration provision has the burden to show procedural unconscionability.").

Likewise, assuming that a shortened limitations period is an issue for the court, such a provision is not unconscionable under Texas law unless plaintiffs present evidence that the circumstances between the parties made the provision unconscionable, which plaintiffs have not done. *See Celaya*, 2013 WL 4603165, at *3. Regarding the Agreements' reference to limited appeal rights, the court interprets these provisions as not inconsistent with the "extraordinarily narrow" appellate review that the FAA already prescribes, *see Glover v.*

---

ARBITRATION.

Ds. App. 17.

*IBP, Inc.*, 334 F.3d 471, 473-74 (5th Cir. 2003), and these provisions therefore are not substantively unconscionable.

VI

Finally, the court addresses whether plaintiffs must arbitrate their claims against defendants who are not parties to the 2014 and 2016 Agreements.

A

"[A] non-signatory to a contract with an arbitration clause can compel arbitration under an equitable estoppel theory[.]" *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 348 (5th Cir. 2002) (internal quotation marks omitted). "[A]pplication of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both [a] nonsignatory and one or more of the signatories to the contract." *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)) (emphasis omitted). "Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Id.* (quoting *MS Dealer*, 177 F.3d at 947) (emphasis omitted). "[T]he decision to utilize equitable estoppel in this fashion is within the district court's discretion." *Hill*, 282 F.3d at 348.

B

The Townsend Defendants contend that, although not all defendants were parties to the 2014 and 2016 Agreements, all defendants are entitled to enforce the arbitration

agreements because plaintiffs, in interdependent claims, assert that all defendants were their employers while the Agreements were in effect. *See Grigson*, 210 F.3d at 527. Plaintiffs do not respond to this contention.

The court concludes that plaintiffs' claims against all of the Townsend Defendants must be arbitrated. By alleging that all defendants were their employers during the same period of time, and that all defendants violated the FLSA by withholding overtime pay, plaintiffs advance allegations of "substantially interdependent and concerted misconduct by both the non-signator[ies] and one or more of the signatories" to the Agreements. *Id.* (emphasis and internal quotation marks omitted); *see Westbrook v. JAG Indus. Servs., Inc.*, 2015 WL 93447, at *4 (N.D. Tex. Jan. 7, 2015) (Lynn, J.) (compelling arbitration of FLSA claims against nonsignatory based on concerted misconduct theory). The court in its discretion therefore orders that plaintiffs' claims against the Townsend Defendants be submitted to arbitration.

VII

Having determined that plaintiffs' claims must be arbitrated and that a stay should be entered, the court declines at this time to reach the motions of the Townsend Defendants and Goodwin to dismiss for failure to state a claim.

Nothing in this memorandum opinion and order precludes plaintiffs and Goodwin from agreeing to arbitration, or, absent such an agreement, prevents Goodwin from moving to compel arbitration. Absent such an agreement or motion, however, plaintiffs' action against Goodwin is also stayed until the completion of arbitration given plaintiffs' allegation

that Goodwin was their employer and the court's reasoning *supra* in § VI(B) concerning the effect of such a claim.

\* \* \*

The court grants the Townsend Defendants' motion to compel arbitration and stay proceedings. This case is stayed pending the completion of arbitration. The clerk of court is directed to close this case statistically, without prejudice to reopening it statistically for further proceedings provided for under the FAA.

**SO ORDERED**.

August 3, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE