IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELIPE VALENZUELA, JOSE GUILLERMO GANDARA, and all others similarly situated under 29 U.S.C. § 216(B),<br><br>Plaintiffs,<br><br>VS.<br><br>CREST-MEX CORPORATION d/b/a LA SIERRA APARTMENTS, et al.,<br><br>Defendants. | §§§§§§§§§§§§§§ Civil Action No. 3:16-CV-1129-D |

MEMORANDUM OPINION
AND ORDER

In this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, that the court stayed after compelling arbitration, plaintiffs Felipe Valenzuela ("Valenzuela") and Jose Guillermo Gandara ("Gandara") move to vacate the stay and reopen the case for further proceedings. For reasons that follow, the court denies the motion without prejudice, but orders defendants to pay the arbitration fee within 21 days of the date this memorandum opinion and order is filed, and participate in arbitration unless the arbitrator determines that there are conditions precedent that must be completed first.

I

In 2016 Valenzuela and Gandara filed this action under the FLSA on behalf of themselves and others similarly situated for unpaid overtime pay. In response, defendant

Thomas Townsend and eight entities[1] associated with him (collectively, the "Townsend Defendants") moved to compel arbitration and stay the case. The court granted the motion to compel arbitration, stayed the case, and directed the clerk of court to close the case statistically. *See Valenzuela v. Crest-Mex Corp. (Valenzuela I)*, 2017 WL 3311203, at *1, 5 (N.D. Tex. Aug. 3, 2017) (Fitzwater, J.).[2]

Now, approximately three years after filing suit, Valenzuela and Gandara move to vacate the stay and reopen the case for further proceedings. The Townsend Defendants oppose the motion. According to Valenzuela and Gandara, following the court's decision in *Valenzuela I*, they attempted to initiate arbitration, mediation, and Christian conciliation, but the Townsend Defendants refused to engage in any alternative dispute resolution, including refusing to pay the arbitration fee to the American Arbitration Association ("AAA"). According to the Townsend Defendants, the court should deny the motion because Valenzuela and Gandara have neither followed the three-step alternative dispute resolution process outlined in the arbitration agreement nor requested a finding of default from the AAA.

---

[1]These entities are Crest-Mex Corporation d/b/a La Sierra Apartments, MTORMA Trust, Dallas Net Lease Trust, Sierra Management Trust, Sierra Management Co., La Sierra Apartments Trust, Cedar Sierra Management Co., LLC, and 3328 Cedar Plaza Lane Apartments, Inc.

[2]The court declined to reach pending motions to dismiss filed by the Townsend Defendants and defendant Kelly Goodwin. *See Valenzuela I*, 2017 WL 3311203, at *1, 5.

II

A court is not required to stay judicial proceedings in favor of arbitration if there has been a "default in proceeding with such arbitration." 9 U.S.C. § 3. "Of course, the district court would always have the authority to set aside a stay improvidently granted." *Miller v. Aaacon Auto Transp., Inc.*, 545 F.2d 1019, 1020 (5th Cir. 1977) (per curiam). And "cases have held vacation of a stay proper where the defendant seeking the stay hindered the progress of arbitration or where the parties had not concluded the proceedings within the time specified by the court." *Id.* (citing cases).

III

The court concludes, under the current circumstances of this case, that it is premature to find that defendants are in default. *Cf. Burns v. Covenant Health & Rehab of Picayune, LLC*, 2016 WL 660938, at *5 (S.D. Miss. Feb. 18, 2016) ("When an arbitrator has not held a hearing to address non-payment or has not otherwise suspended or terminated the proceedings, it is premature for the court to find default." (citing *N. St., LLC v. Clipper Const., LLC*, 2010 WL 3523025, at *3 (E.D. La. Sept. 2, 2010)). Here, in contrast to cases cited by Valenzuela and Gandara—i.e., *Futurewei Technologies Inc. v. E. Oliver Capital Group, LLC*, 2011 WL 1362693 (E.D. Tex. Apr. 11, 2011), and *Youngs v. Haugh*, 2009 WL 701013 (N.D. Tex. Mar. 18, 2009) (Means, J.)—the Townsend Defendants have not wholly failed to participate in the case or the arbitration. Even so, the information before the court *does suggest* that the Townsend Defendants have, in part, refused to comply with the court's memorandum opinion and order in *Valenzuela I*. Indeed, Valenzuela and Gandara correctly

point out that the court previously ordered the parties to *arbitration* as requested by the Townsend Defendants. *See Valenzuela I*, 2017 WL 3311203, at *4 ("The court in its discretion therefore orders that plaintiffs' claims against the Townsend Defendants be submitted to arbitration.").

And as the court explained in *Valenzuela I*, the question whether mediation (or, for that matter, any condition precedent) must precede arbitration is for the arbitrator. *See id.* at *3 (citing *BG Grp., PLC v. Republic of Arg.*, 572 U.S. 25, 34-35 (2014)). Therefore, the Townsend Defendants must not attempt to undermine or delay arbitration by failing to pay the filing fee to the AAA. Nor may they do so by refusing to engage in arbitration until condition precedents (such as Christian conciliation) have been completed, unless they have first obtained a ruling from the arbitrator excusing them from proceeding with the court-ordered arbitration.

Accordingly, the court orders the Townsend Defendants to comply with *Valenzuela I* and remit the arbitration fee to the AAA within 21 days of the date this memorandum opinion and order is filed. And they must participate in arbitration unless the arbitrator determines that there are conditions precedent that must be completed first.

\*   \*   \*

The court denies without prejudice Valenzuela and Gandara's motion to vacate stay and reopen case for further proceedings. The Townsend Defendants are ordered to pay the arbitration fee to the AAA within 21 days of the date this memorandum opinion and order is filed. And they must participate in arbitration unless the arbitrator determines that there

are conditions precedent that must be completed first.

**SO ORDERED**.

August 13, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE